# EXHIBIT A

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

Index No.:

-----------------------------------------X

**SUMMONS**

DENNIS MULLIKIN AND MIKAELA A. DUFFY,

Plaintiffs designate
NEW YORK County as
the place of trial.

                          Plaintiffs,

     -against-

The basis of venue
is: where the Tort
arose

THE CITY OF NEW YORK, NYC POLICE
COMMISSIONER DERMOT SHEA and JOHN DOES "1"
through "10" (NYPD Deputy Commissioners,
Commanding Officers and Supervising
Officers responsible for directing and
supervising the NYPD's response to the
George Floyd and Breonna Taylor peaceful
protests and the NYPD Officers responding
to the May 31, 2020 protest at the Strand
Bookstore, whose names are currently
unknown to Plaintiff),

The Tort arose in:
NEW YORK COUNTY

                          Defendants.

-----------------------------------------X

**To the above named Defendants:**

     **You are hereby summoned** to answer the complaint in this action,
and to serve a copy of your answer, or, if the complaint is not
served with this summons, to serve a notice of appearance on the
Plaintiffs' attorneys within twenty days after the service of this
summons, exclusive of the day of service, where service is made by
delivery upon you personally within the state, or, within 30 days
after completion of service where service is made in any other
manner. In case of your failure to appear or answer, judgment will
be taken against you by default for the relief demanded in the
complaint.

DATED:     JAMAICA, NEW YORK
           AUGUST 25, 2021

                    _____
                    KAREEM R. VESSUP
                    THE LAW OFFICE OF KAREEM R. VESSUP
                    ESQ.
                    Attorneys for Plaintiff
                    DENNIS MULLIKIN & MIKAELA A. DUFFY

89-31 161st Street, Suite 705
Jamaica, New York 11432
(718) 219-8744


TO:   The City of New York
      c/o NYC Law Department
      100 Church Street
      New York, NY 10007

      NYPD  Commissioner  Dermot
      Shea
      One Police Plaza
      New York, NY 10038

      John Does 1-10
      One Police Plaza
      New York, NY 10038

2

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**
-----------------------------------------X
DENNIS MULLIKIN, and MIKAELA A. DUFFY.

                 Plaintiffs,

           -against-

THE CITY OF NEW YORK, NYC POLICE
COMMISSIONER DERMOT SHEA and JOHN DOES "1"
through "10" (NYPD Deputy Commissioners,
Commanding Officers and Supervising
Officers responsible for directing and
supervising the NYPD's response to the
George Floyd and Breonna Taylor peaceful
protests and the NYPD Officers responding
to the May 31, 2020 protest at the Strand
Bookstore, whose names are currently
unknown to Plaintiff),

                 Defendants.
-----------------------------------------X

Index No.:

**VERIFIED COMPLAINT**

    Plaintiffs DENNIS MULLIKIN and MIKAELA A. DUFFY by their attorneys THE LAW OFFICE OF KAREEM R. VESSUP ESQ., complaining of the Defendants, respectfully allege upon information and belief, as follows:

    1.   At all times herein mentioned, Plaintiff **DENNIS MULLIKIN** was and still is a resident of the County of Brooklyn, City and State of New York.

    2.   At all times herein mentioned, Plaintiff **MIKAELA A. DUFFY** was and still is a resident of the County of Brooklyn, City and State of New York.

    3.   At all times herein mentioned, Defendant, **THE CITY OF NEW YORK** was, and still is a municipal corporation duly organized

existing by virtue of the laws of the State of New York.

4.   Defendant **THE CITY OF NEW YORK** maintains the New York City Police Department, a duly authorized department of **THE CITY OF NEW YORK** authorized to perform all of the functions of a police department as per the applicable sections of the rules and the regulations of **THE CITY OF NEW YORK.**

5.   At all times hereinafter mentioned, the individually named **JOHN DOE** Defendants were, and in most cases, still are, duly sworn police officers, detectives, senior officers and or Commissioners of the NYPD and were acting under the supervision of said department and according to their duties.

6.   At all times hereinafter mentioned the individually named Defendants were acting as agents, servants and/or employees of the Defendant **THE CITY OF NEW YORK.**

## JURISDICTION

7.   Jurisdiction here is proper in that this cause of action is being brought in the county where the cause of action accrued.

8.   All of the aforementioned incidents occurred within NEW YORK County, City and State of New York.

## BACKGROUND FACTS

9.   On the evening of May 31, 2020, a protest was taking place in front of the Barclays Center in response to the deaths of Breona Taylor and George Floyd.

2

10. Plaintiffs **DENNIS MULLIKIN** and **MIKAELA A. DUFFY** were a part of the of the group protesting on May 31, 2020.

11. The protest was a peaceful protest.

12. At some point that evening the peaceful protesters made their way across the bridge into lower Manhattan and ultimately to the area of Broadway and East 12th Street at or near the Strand Bookstore.

13. Plaintiffs **DENNIS MULLIKIN** and **MIKAELA A. DUFFY** committed no acts of violence during this peaceful protest.

14. At or about 10:00pm, the peaceful protesters stood in line on the northern side of East 12th Street at its intersection with Broadway in Manhattan.

15. Dozens of members of the NYPD, including officers in "white shirts" were assembled on the southbound side of the same intersection in riot gear, holding both shields and batons.[1]

16. Unprovoked, the NYPD officers began to rush the crowd of peaceful protesters. When they reached the protesters, they grabbed the protesters and, in certain instances, assaulted them using fists batons and other NYPD issued equipment.

17. As a result, the group of peaceful protesters began to run north on Broadway away from the group of charging police officers.

18. Plaintiff **DENNIS MULLIKIN** similarly started walking north

---

[1] The scene was reminiscent of the images of protesters standing before various members of law enforcement and the military in Washington D.C. at the White House shortly before President Donald Trump ordered that Lafayette Park be cleared for a planned photo opportunity at a local church.

3

on Broadway. He was too tired from the days protests to run like his fellow protesters.

19. While attempting to walk away from the charging police officers, and with his back to the police officers, members of the NYPD tackled Plaintiff **DENNIS MULLIKIN** to the ground and approximately five (5) officers began to strike him about his body repeatedly with their hands, legs and batons.

20. Similarly and concurrently, MIKAELA A. DUFFY was fleeing from the charging police officers and while her back was turned to the police officers, at least one member of the NYPD grabbed Plaintiff **MIKAELA A. DUFFY** by her hair and backpack and threw her down to the ground violently.

21. Plaintiffs **DENNIS MULLIKIN** and **MIKAELA A. DUFFY** were arrested and charged with violations of the New York State Penal Law.

22. At the time of the assaults and arrests, Plaintiffs were lawfully present on the corner of Broadway and East 12th Street in Manhattan and had not committed any crimes.

23. Nevertheless, Plaintiffs were charged with violations of the New York State Penal Law and criminal proceedings were initiated against them.

24. Those charges continued until all charges against Plaintiffs **DENNIS MULLIKIN** and **MIKAELA A. DUFFY** were dismissed by the New York County District Attorney's Office.

4

## AS AND FOR A FIRST CAUSE OF ACTION

25. Plaintiffs repeat, reiterate, and reallege each of the allegations provided in Paragraphs "1" through "24" with the same force and effect as if restated herein.

26. That on May 31, 2020, the Defendants jointly and severally in their capacity as police officers, detectives and/or sergeants, did commit an assault upon Plaintiff **DENNIS MULLIKIN** by intentionally approaching him and repeatedly striking him with their arms and weapons.

27. As a result of Defendants' conduct Plaintiff experienced a reasonable apprehension of a harmful or offensive contact.

28. At no time did Plaintiff consent to the unlawful conduct of the Defendants.

29. Defendants' conduct was not privileged or otherwise authorized by law.

30. As a result of Defendants' conduct Plaintiff **DENNIS MULLIKIN** was damaged.


## AS AND FOR A SECOND CAUSE OF ACTION

31. Plaintiffs repeat, reiterate, and reallege each of the allegations provided in Paragraphs "1" through "30" with the same force and effect as if restated herein.

32. That on May 31, 2020, the Defendants jointly and severally in their capacity as police officers, detectives and/or sergeants, did commit an assault upon Plaintiff **MIKAELA A. DUFFY** by approaching

5

her with outstretched arms and weapons.

33. As a result of Defendants' conduct Plaintiff **MIKAELA A. DUFFY** experienced a reasonable apprehension of a harmful or offensive contact.

34. At no time Plaintiff **MIKAELA A. DUFFY** consent to the unlawful conduct of the Defendants.

35. Defendants' conduct was not privileged or otherwise protected by law.

36. As a result of Defendants' conduct Plaintiff **MIKAELA A. DUFFY** was damaged.

## AS AND FOR A THIRD CAUSE OF ACTION

37. Plaintiffs repeat, reiterate, and reallege each of the allegations provided in Paragraphs "1" through "36" with the same force and effect as if restated herein.

38. That on May 31, 2020, the Defendants jointly and severally in their capacity as police officers, detectives and/or sergeants, intentionally committed a harmful or offensive touching upon Plaintiff **DENNIS MULLIKIN** by shoving, tackling, striking, punching and/or kicking him about his face and body.

39. At no time did Plaintiff consent to the unlawful conduct of the Defendants.

40. Defendants' conduct was not privileged or otherwise authorized by law.

41. As a result of Defendants' conduct, Plaintiff was damaged.

6

## AS AND FOR A FOURTH CAUSE OF ACTION

42.   Plaintiffs repeat, reiterate, and reallege each of the allegations provided in Paragraphs "1" through "41" with the same force and effect as if restated herein.

43.   That on May 31, 2020, the Defendants jointly and severally in their capacity as police officers, detectives and/or sergeants, committed a harmful or offensive touching upon Plaintiff **MIKAELA A. DUFFY** by grabbing, shoving, striking, punching and/or kicking her about her face and body.

44.   At no time did Plaintiff consent to the unlawful conduct of the Defendants.

45.   Defendants' conduct was not privileged or otherwise protected by law.

46.   As a result of Defendants' conduct, Plaintiff **MIKAELA A. DUFFY** was damaged.

## AS AND FOR A FIFTH CAUSE OF ACTION

47.   Plaintiffs repeat, reiterate, and reallege each of the allegations provided in Paragraphs "1" through "47" with the same force and effect as if restated herein.

48.   That on May 31, 2020, the Defendants, jointly and severally in their capacity as police officers, detectives and/or sergeants, without any warrant or any other legal process and without any legal right, wrongfully and unlawfully arrested the

Plaintiff **DENNIS MULLIKIN**.

49. At no time did Plaintiff consent to the unlawful conduct of the Defendants.

50. Defendants' conduct was not privileged or otherwise authorized by law.

51. As a result of Defendants' conduct, Plaintiff **DENNIS MULLIKIN** was damaged.

## AS AND FOR A SIXTH CAUSE OF ACTION

52. Plaintiffs repeat, reiterate, and reallege each of the allegations provided in Paragraphs "1" through "51" with the same force and effect as if restated herein.

53. That on May 31, 2020, the Defendants, jointly and severally in their capacity as police officers, detectives and/or sergeants, without any warrant or any other legal process and without any legal right, wrongfully and unlawfully arrested the Plaintiff **MIKAELA A. DUFFY**.

54. At no time did Plaintiff consent to the unlawful conduct of the Defendants.

55. Defendants' conduct was not privileged or otherwise authorized by law.

56. As a result of Defendants' conduct, Plaintiff **MIKAELA A. DUFFY** was damaged.

## AS FOR A SEVENTH CAUSE OF ACTION

8

57.  Plaintiffs repeat, reiterate, and reallege each of the allegations provided in Paragraphs "1" through "56" with the same force and effect as if restated herein.

58.  That on May 31, 2020, the Defendants jointly and severally in their capacity as police officers, detectives and/or sergeants initiated a criminal prosecution against Plaintiff **DENNIS MULLIKIN** alleging one or more violations of the New York State Penal Law.

59.  Said criminal prosecution was initiated without the required probable cause.

60.  Said prosecution was initiated with malice.

61.  Said prosecution continued until approximately October 2020 when all charges against **DENNIS MULLIKIN** were dropped.

62.  Defendants' conduct was not privileged or otherwise authorized by law.

63.  As a result of Defendants' conduct, Plaintiff **DENNIS MULLIKIN** was damaged.

## AS FOR A EIGHTH CAUSE OF ACTION

64.  Plaintiffs repeat, reiterate, and reallege each of the allegations provided in Paragraphs "1" through "63" with the same force and effect as if restated herein.

65.  That on May 31, 2020, the Defendants jointly and severally in their capacity as police officers, detectives and/or sergeants initiated a criminal prosecution against Plaintiff **MIKAELA A. DUFFY** alleging one or more violations of the New York State Penal Law.

9

66.  Said criminal prosecution was initiated without the required probable cause.

67.  Said prosecution was initiated with malice.

68.  Said prosecution continued until approximately October 2020 when all charges against **MIKAELA A. DUFFY** were dropped.

69.  Defendants' conduct was not privileged or otherwise authorized by law.

70.  As a result of Defendants' conduct, Plaintiff **MIKAELA A. DUFFY** was damaged.

## AS FOR A NINTH CAUSE OF ACTION

71.  Plaintiffs repeat, reiterate, and reallege each of the allegations provided in Paragraphs "1" through "70" with the same force and effect as if restated herein.

72.  Plaintiffs bring this cause of action pursuant to 42 USC §1983.

73.  All of the aforementioned acts of the Defendants were carried out under color of state law.

74.  All of the aforementioned acts deprived Plaintiff **DENNIS MULLIKIN** of the rights, privileges, and immunities guaranteed citizens of the United States by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, and in violation of 42 U.S.C. §1983.

75.  All of the aforementioned acts of the Defendants were carried out by Defendants in their capacity as police officers,

10

detectives, senior officers and/or commissioner with the actual and/or apparent authority conferred upon them by **THE CITY OF NEW YORK.**

76.   The acts complained of were carried out by Defendants pursuant to the customs, usages, practices, procedures and rules of **THE CITY OF NEW YORK** and more specifically those policies, procedures and rules implemented and/or employed in response to the protests of the deaths of Breona Taylor and George Floyd.

77.   That on May 31, 2020, the Defendants jointly and severally in their capacity as police officers, detectives and/or sergeants falsely arrested Plaintiffs **DENNIS MULLIKIN and MIKAELA A. DUFFY.**

78.   That on May 31, 2020, the defendants jointly and severally in their capacity as police officers, detectives and/or sergeants civilly assaulted Plaintiffs **DENNIS MULLIKIN** and **MIKAELA A. DUFFY.**

79.   That on May 31, 2020, the defendants jointly and severally in their capacity as police officers, detectives and/or sergeants committed a battery upon Plaintiffs **DENNIS MULLIKIN** and **MIKAELA A. DUFFY.**

80.   The afore-described actions of the Defendants resulted in the Plaintiffs being deprived of the following rights under the United States Constitution:

> i. Freedom from assault to their person;
>
> ii. Freedom from battery to their person;
>
> iii. Freedom from false arrest;
>
> iv. Freedom from being unlawfully imprisoned;

11

   v. Freedom from malicious prosecution;

   vi. Freedom from being subjected to excessive use of force.

81. Plaintiffs in no way consented to the conduct of Defendants.

82. The afore-described conduct of the Defendants was not privileged or otherwise protected by law.

83. As a result of Defendants' conduct, Plaintiffs were damaged.

## AS AND FOR A TENTH CAUSE OF ACTION

84. Plaintiffs repeat, reiterate, and reallege each of the allegations provided in Paragraphs "1" through "83" with the same force and effect as if restated herein.

85. In relevant part, 42 United States Code, Section 1985(3) Provides:

> *"If two or more persons in any State or Territory conspire… for the purpose of depriving, either directly or indirectly, any person… of the equal protection of the laws, or of equal privileges and immunities under the laws…; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators."*

12

86.   That on May 31, 2020, the defendants jointly and severally in their capacity as police officers, detectives, senior officers and commissioner conspired to directly violate Plaintiffs' Federal Constitutional and Statutory rights, as enumerated above, by virtue of their cooperative effort to assault, batter, falsely arrest and maliciously prosecute them without legal authority or consent.

87.   That on May 31, 2020, the defendants jointly and severally in their capacity as police officers, detectives senior officers and commissioner furthered the conspiracy by actually assaulting, battering, falsely arresting and maliciously prosecuting Plaintiffs without legal authority or consent.

88.   As a result of the Defendant's conduct, Plaintiffs suffered deprivations of their rights guaranteed by the United States Constitution, the laws of the United States and the State of New York.

89.   Said conduct of Defendants was not privileged nor authorized by law.

90.   As a result of the Defendants' unlawful conduct, Plaintiffs were damaged.

## AS FOR AN ELEVENTH CAUSE OF ACTION

91.   Plaintiffs repeat, reiterate, and reallege each of the previous allegations provided in Paragraphs "1" through "90" with the same force and effect as if restated herein.

92.   42 U.S.C. §1986 provides in relevant part:

13

> *"**Every person, who having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented..**"*

93.    That on May 31, 2020, Defendants developed and/or were knowledgeable of a policy, procedure and/or practice of policing the Breona Taylor/George Floyd protests that would deprive lawful and peaceful protesters of their protected rights under Federal Constitutional and Statutory law.

94.    Despite possessing this knowledge Defendants took no steps to prevent the deprivation of these rights but rather implemented and executed the policy, procedure and/or practice, disregarding the resulting deprivation of rights.

95.    Defendants were further aware of the resulting deprivations due to the numbers of individuals who were affected by the policy, procedure and practice when compared to the much smaller number of individuals who allegedly were engaging in looting and/or violence.

96.    It was clear that the rights of lawful, peaceful protesters were being abrogated by the policy, procedure and practice being implemented generally, and specifically as it was applied to Plaintiffs **DENNIS MULLIKIN** and **MIKAELA A. DUFFY**.

14

97. As a result of this failure to act on the part of Defendants, Plaintiffs' Federal Constitutional and Statutory rights were unlawfully violated, specifically Defendants failed to prevent Plaintiffs from being assaulted, battered, falsely arrested, maliciously prosecuted, and subjected to the excessive use of force.

98. As a result of Defendants' failure to act, Plaintiffs were damaged.

## AS AND FOR A TWELFTH CAUSE OF ACTION

99. Plaintiffs repeat, reiterate, and reallege each of the allegations in Paragraphs "1" through "98" with the same force and effect as if restated herein.

100. Defendants, jointly and severally, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure, or rule of **THE CITY OF NEW YORK** and/or NYPD that is forbidden by the United States Constitution.

101. The aforementioned customs, policies, usages, practices, procedures and rules of **THE CITY OF NEW YORK** and/or the NYPD included, but were not limited to, arresting citizens without probable cause, manufacturing evidence and/or engaging in falsification in an effort to secure convictions and achieve ulterior motives like overtime compensation.

102. Additionally, **THE CITY OF NEW YORK** engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training, and supervising its police officers and detectives that

15

was the driving force behind the violation of Plaintiffs' rights as described herein.

103. By failing to properly recruit, screen, train, discipline and supervise its officers, including the individually named Defendants herein, **THE CITY OF NEW YORK** has tacitly authorized, ratified, sanctioned and/or impliedly authorized Defendants' acts complained of herein.

104. The foregoing customs, policies, usages, practices, procedures and rules of **THE CITY OF NEW YORK** and the NYPD constituted deliberate indifference to the safety, well-being and constitutional rights of Plaintiffs **DENNIS MULLIKIN and MIKAELA DUFFY.**

105. The foregoing customs, policies, usages, practices, procedures and rules of **THE CITY OF NEW YORK** and the NYPD were the direct and proximate cause of the constitutional violations suffered by Plaintiffs **DENNIS MULLIKIN and MIKAELA DUFFY** as alleged herein.

106. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating Plaintiffs constitutional rights.

107. All of the foregoing acts by Defendants deprived Plaintiffs of federally protected rights, including, but not limited to, the right:

      i. To be free from unlawful restrictions on their liberty;

      ii. To be free from false arrest;

     iii. To be free from unreasonable and unlawful searches;

      iv. To be free from malicious prosecution;

16

     v.  To be free from the excessive and unlawful use of force;

    vi.  To be free from unlawful warrantless detention and arrest.

108.  As a result of the foregoing, Plaintiffs **DENNIS MULLIKIN and MIKAELA DUFFY** were damaged.

## AS FOR A THIRTEENTH CAUSE OF ACTION

109. Plaintiffs repeat, reiterate, and reallege each of the allegations in Paragraphs "1" through "108" with the same force and effect as if restated herein.

110. Defendant **THE CITY OF NEW YORK** is vicariously liable for the acts of its employees and agents who were on duty and acting within the scope of their employment when they engaged in the wrongful conduct described herein.

111. As a result of afore-described conduct of the Defendants, Plaintiffs **DENNIS MULLIKIN and MIKAELA DUFFY** are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual Defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION

112. Plaintiffs repeat, reiterate, and reallege each of the allegations in Paragraphs "1" through "111" with the same force and effect as if restated herein.

17

Case 1:21-cv-09200-KPF Document 1-1 Filed 11/08/21 Page 21 of 24

113. The First Amendment to the United States Constitution provides in relevant part:

> *Congress shall make no law… abridging the freedom of speech…; or the right of the people peaceably to assemble …*

114. By participating in a peaceful demonstration about the killings of Black people at the hands of police officers and discriminatory policing, Plaintiffs **DENNIS MULLIKIN** and **MIKAELA A. DUFFY** were exercising a right protected by the First Amendment of the United States Constitution.

115. Defendants use of force against Plaintiffs was motivated by, or substantially caused by, Plaintiffs' exercise of their First Amendment right, and it effectively chilled their exercise of that right.

116. Defendants also physically injured Plaintiffs. As such, it constituted unlawful retaliation against Plaintiffs by a public official for engaging in First Amendment protected activity.

117. The violations of Plaintiffs' First Amendment rights were directly and proximately caused by the actions and/or inactions of Defendants, who have encouraged, tolerated, ratified, and/or have been deliberately indifferent to the above-mentioned patterns and practices, and/or have been deliberately indifferent to the need for more or different training, supervision, investigation, and/or discipline of police officers. By failing to adequately train, investigate, discipline, and/or supervise subordinates to such an

18

extent that it amounts to deliberate indifference to the rights of those who come into contact with their employees because the need to act is so obvious and the inadequacy of current practices is so likely to result in a deprivation of federal rights, Defendants have deprived Plaintiffs herein of rights, remedies, privileges, and immunities granted by the U.S. Constitution.

118. As a direct and proximate result of Defendants' conduct Plaintiffs DENNIS MULLIKIN and MIKAELA DUFFY were damaged.

**WHEREFORE**, Plaintiffs **DENNIS MULLIKIN and MIKAELA DUFFY** demand judgment and pray for the following relief, jointly and severally, against the Defendants:

1. Compensatory damages in an amount to be determined by a jury;
2. Punitive damages against the individual Defendants in an amount to be determined by a jury;
3. Reasonable attorney's fees and the costs and disbursements of this action; and
4. Such other and further relief as appears just and proper.

Dated:    JAMAICA, NEW YORK
          AUGUST 25, 2021

19

Kareem R. Vessup
THE LAW OFFICE OF KAREEM R. VESSUP
ESQ.
Attorney for Plaintiff(s)
**DENNIS MULLIKIN** and **MIKAELA A. DUFFY.**
89-31 161st Street, Suite 705
Jamaica, New York 11432
(718) 219-8744 – P
(718) 228-7733 – F

20

## ATTORNEY VERIFICATION

KAREEM R. VESSUP, affirms the following pursuant to CPLR §2106 and under penalty of perjury:

I am the attorney for the Plaintiffs in the within action.  I have read the foregoing

### COMPLAINT

and know the contents thereof.  The same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters, I believe them to be true.  The reason that this verification is not made by Plaintiffs and is made by affirmant is that Plaintiffs are not presently in the county wherein I maintain my law office.

Affirmant further provides that the source of my information, and the grounds of my belief as to all matters not stated upon affirmant's knowledge, are from investigations made on behalf of the Plaintiffs.

Dated:    JAMAICA, NEW YORK
          AUGUST 25, 2021

KAREEM R. VESSUP

21